IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH WHITE, ) | CASE NO. 1:11CV0265 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| HUNTINGTON NATIONAL BANK, *et al.* ) | AND ORDER |
| ) | |
| Defendants. ) | |

Plaintiff *pro se* Kenneth White filed this action under the Home Ownership Equity Protection Act, (HOEPA") 15 U.S.C. § 1639 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Huntington National Bank, MERS Mortgage and Security Instrument, Loan Officer Ryan Howard and Sky Bank. Included are State pendent claims for Fraudulent Misrepresentation, Breach of Fiduciary Duty, Unjust Enrichment, Civil Conspiracy, Ohio Civil RICO, R.C. 2923.31, and Complaint to Quiet Title.

Plaintiff's claim arises out of a loan obtained from Huntington Bank or Sky Bank. He alleges in his 34 page Complaint that the Defendants conspired to commit fraud. "To wit... Assignment of title 50 Hamlet Court, Bratenah [sic], Oh, 44108 parcel no. 631-06-571." Comp. pg. 2. Although he has requested and demanded compliance with the various statutes, Defendants have either ignored or refused to acknowledge or resolve his complaints. "Besides the alleged obvious theft of identity which lies at the core of the pattern of conduct defining Defendants' illegal and fraudulent scheme, it is allegedly observably obvious that the property was appraised improperly, never verified despite

'stringent underwriting' standard imposed by government sponsored entities with which the Defendants purported to comply (and did not)..." Comp. pg. 5. The Complaint continues to assert conduct that Plaintiff contends violates the various statutes. Plaintiff seeks damages and an order finding that the foreclosure action which was instituted be declared illegal and void and any further proceedings in connection with it be enjoined. [1]

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The basic premise of Plaintiff's Complaint is that the underlying mortgage loan obligation is invalid and the foreclosure judgment should be void. This Court cannot void the judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United

---

[1] Plaintiff filed the exact same Complaint against the same Defendants in Case No. 1:11CV0264.

2

States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak* Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has set forth two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

Plaintiff questions the state court's decision granting a foreclosure.  Any review of federal claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Moreover, Plaintiff simply seeks to litigate matters which were raised or which should have been raised in the state court foreclosure and eviction proceedings. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. City of Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The state court has already granted judgment in favor of Defendant. This Court is bound to give full faith and credit to the decisions of that court.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: May 11, 2011                            *s/     James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE